

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 16 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**AMANDA WILLIAMS**                                     **PLAINTIFF**

CIVIL CAUSE NO. 3:16-cv-367- DPJ FKB

**CITY OF JACKSON, MISSISSIPPI**                        **DEFENDANT**

### COMPLAINT
### (JURY TRIAL DEMANDED)

**COMES NOW**, Plaintiff Amanda Williams, by and through her undersigned counsel

of record, and files this, her Complaint for damages and for declaratory, injunctive, and other

relief against the above-named Defendant, the City of Jackson, Mississippi. The City of

Jackson, Mississippi intentionally, maliciously, and with reckless indifference to the federally

protected rights of Plaintiff Amanda Williams, a female, terminated Plaintiff's employment

with the City of Jackson, Mississippi because of Plaintiff's pregnancy and pregnancy-related

medical conditions, including, but not limited to, illnesses and complications. The City of

Jackson, Mississippi's unlawful employment practices and the effects of those practices on

Ms. Williams are more fully explained below in Plaintiff's Complaint.

### INTRODUCTION

### JURISDICTION AND VENUE

1.      Plaintiff Amanda Williams' claims arise under Title VII of the Civil Rights Act of

1964, as amended, Title 42 U.S.C. § 2000e, et seq. and the FIRST, FIFTH, and

FOURTEENTH AMENDMENTS to the United States Constitution.

1

2.      This Court has jurisdiction over Plaintiff's claims pursuant to Title 28 U.S.C. §§ 451, 1331, and 1343(a)(3) and (4).

3.      Venue is proper in this Court pursuant to Title 28 U.S.C. §§ 1391(b)(1) and (2) and Title 28 U.S.C. § (c)(2).  Defendant, City of Jackson, Mississippi, "resides" within the boundaries of the Northern Division of the Southern District of Mississippi, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the boundaries of the Northern Division of the Southern District of Mississippi.

## PARTIES

4.      Plaintiff Amanda Williams ("Ms. Williams") is an adult resident citizen of Hinds County, Mississippi.  Ms. Williams resides at 1010 Bellevue Place, Unit B, Jackson, Mississippi 39202. At all times mentioned in this Complaint, Plaintiff Amanda Williams was a City of Jackson, Mississippi "employee" as that term is defined in Title 42 U.S.C. § 2000e(f).

5.      The City of Jackson, Mississippi ("the City") may be served with process of this Court by serving a copy of the Summons and Complaint upon the City's current Municipal Clerk, Ms. Kristi Moore, at the Office of the City Clerk for the City of Jackson, Mississippi at 219 South President Street, Jackson, Mississippi 39205.  At all times mentioned in this Complaint, the City was and is a municipal corporation under the laws of the State of Mississippi and is an "employer" as that term is defined in Title 42 U.S.C. § 2000e(a) and (b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff Amanda Williams has satisfied and complied with all conditions precedent to this Court's jurisdiction over this civil action pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, to wit:   Plaintiff filed with the Equal Employment

2

Opportunity Commission an appropriate charge of employment discrimination. Plaintiff and her undersigned counsel of records received on February 21, 2016, her Notification of her Right to Sue. (See Exhibit "A").

7.     Plaintiff timely filed the instant Complaint based on the time limits set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended.

## STATEMENT OF FACTS

8.     In or near April 2014, Plaintiff Amanda Williams was recruited by the City to serve as the City's Public Information Officer to the Mayor of the City of Jackson ("the Mayor").

9.     On or about May 18, 2014, the City hired Ms. Williams to serve as the City's Public Information Officer.

10.    In or around June 2014, Ms. Williams notified the City and Mrs. Jackie Anderson-Woods ("Mrs. Anderson-Woods"), Chief of Staff to the Mayor, that Ms. Williams was pregnant.

11.    From May 2014 through December 2014, Mrs. Anderson-Woods was Ms. Williams' direct supervisor with the City,

12.    In or around June 2014, Ms. Williams notified the City and Mrs. Anderson-Woods, that Ms. Williams' pregnancy was a high-risk pregnancy and that Ms. Williams was experiencing pregnancy-related medical conditions and illnesses.

13.    In June and July 2014, Ms. Williams intermittently took leaves of absence under her physician's orders because of medical conditions, such as illnesses and complications, related to her high-risk pregnancy.

14.     Ms. Williams notified the City and Mrs. Anderson-Woods of her periodic need for pregnancy-related medical leave and provided the City and Mrs. Anderson-Woods medical documentation from her physician for that leave.

15.     Even during Ms. Williams' June and July 2014 leaves of absence due to her pregnancy-related medical conditions, including complications and illnesses, Ms. Williams continued to perform work for the City in her capacity as Public Information Office to the Mayor.

16.     On November 26, 2014, Ms. Williams went on maternity leave to give birth to her child and to recuperate from her pregnancy.

17.     Prior to November 26, 2014, the City knew that Ms. Williams was on maternity leave from her employment with the City.

18.     Prior to November 26, 2014, Mrs. Anderson-Woods knew that Ms. Williams was on maternity leave from her employment with the City.

19.     Prior to November 26, 2014, the City's Department of Personnel Management knew that Ms. Williams was on maternity leave from her employment with the City.

20.     The City authorized and approved Ms. Williams' maternity leave.

21.     Mrs. Anderson-Woods authorized and approved Ms. Williams' maternity leave.

22.     The City's Department of Personnel Management authorized and approved Ms. Williams' maternity leave.

23.     Even after Ms. Williams delivered her baby, her pregnancy-related medical conditions, illnesses, and complications persisted.

24.     At all times relevant to this Complaint, the City had a written policy that mandates that any employee who is absent from work for more than three consecutive days for medical

4

purposes must submit to the City a medical release to work from that employee's physician before that employee may return to work.

25.     On January 23, 2015, Ms. Williams' physician sent or caused to be sent to the City a letter that stated that Ms. Williams' final postpartum visit was scheduled for January 26, 2015.

26.     After Ms. Williams' January 26, 2015 postpartum visit, Ms. Williams' physician issued her a formal release to return to work on February 2, 2015.

27.     During the time Ms. Williams was on maternity leave, the City reassigned her supervision from Mrs. Anderson-Woods to a new supervisor, Mrs. Beatrice Slaughter ("Mrs. Slaughter").

28.     On or about January 27, 2015, Ms. Williams hand-delivered the letter her physician had issued her to return to work on February 2, 2015, to her new supervisor, Mrs. Slaughter.

29.     At that time, Mrs. Slaughter did not tell Ms. Williams that the City had terminated Ms. Williams from her employment.

30.     That same day, when Ms. Williams arrived home after hand-delivering her return to work letter to her supervisor at the City, Ms. Williams found in her mailbox a termination letter from the City.

## CAUSE OF ACTION

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

31.     Plaintiff re-alleges and re-incorporates all prior paragraphs of this Complaint as if fully set forth herein.

32.     On or around January 27, 2015, the City of Jackson, Mississippi engaged in unlawful employment practices when it terminated Plaintiff Amanda Williams on the basis of her sex and because she was pregnant and suffered from pregnancy-related medical conditions,

illnesses and complications, in violation of Section 703(a) of Title VII, Title 42 U.S.C. § 2000e-2(a).

33.     On or about January 27, 2015, the City of Jackson, Mississippi terminated Plaintiff Amanda Williams prior to her physician releasing her from pregnancy-related medical care and releasing her to return to work.

34.     Defendant, the City of Jackson, treated Plaintiff Amanda Williams differently and less favorably than it treated similarly situated males and non-pregnant employees.

35.     As a rule and written policy, the City of Jackson bars employees from returning to work following medical leave.

36.     The City of Jackson has permitted, and often required, non-pregnant employees and males to not return to work from non-pregnancy medical leave without first submitting to the City a physician's orders or note permitting those non-pregnant employees and males to return to work.

37.     Prior to receiving notice that the City of Jackson had terminated Plaintiff's employment, Plaintiff Amanda Williams expressed to the City her intent and ability to resume work as the City's Public Information Officer to the Mayor.

38.     Plaintiff's physician provided the City, directly and by and through Plaintiff, that Plaintiff could return to work on February 2, 2015.

39.     Prior to receiving her notice of termination, Plaintiff had requested accommodations, including working from home and working on light duty, but the City of Jackson insisted on terminating Plaintiff.

40.     As of February 2, 2015, Plaintiff was able to return to work and perform the essential functions of her position after her physician released her to return to work.

41.     Similarly-situated non-pregnant employees were not terminated by the City because of medical conditions, requests for leave, or requests to be released by their physicians prior to their return to work from medical leave.

42.     The actions and effects of the City of Jackson's unlawful employment practices Plaintiff references in Numbered Paragraphs 31 through 41 were to deprive Plaintiff Amanda Williams of equal employment opportunities because of her sex, female, and pregnancy.

43.     The intention and effect of the City of Jackson's unlawful employment practices Plaintiff references in Numbered Paragraphs 31 through 41 were intentional.

44.     The intention and effect of the City of Jackson's unlawful employment practices Plaintiff references in Numbered Paragraphs 31 through 41 were done with malice or with reckless indifference to the federally protected rights of Plaintiff Amanda Williams.

## DAMAGES

45.     As a direct and proximate consequence of the foregoing, above-described intentional, malicious, and recklessly indifferent misconduct of Defendant, the City of Jackson, Mississippi, Ms. Williams suffered lost wages and benefits and other pecuniary loss, as well as deep pain; humiliation; anxiety; great mental and emotional distress; depression; insomnia; shock; and humiliation.

## RELIEF

46.     Plaintiff Amanda Williams respectfully requests this Court issue the following relief:

A.     Grant a permanent injunction enjoining Defendant, the City of Jackson, Mississippi, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sex discrimination or from discriminating on the basis of pregnancy;

7

B.   Defendant, the City of Jackson, Mississippi, to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and for pregnant employees and which eradicate the effects of past and present unlawful employment practices;

C.   Defendant, the City of Jackson, Mississippi, to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and for pregnant employees and which eradicate the effects of past and present unlawful employment practices;

D.   Order Defendant, the City of Jackson, Mississippi, to make whole Plaintiff Amanda Williams by providing Plaintiff compensation for appropriate and equitable back pay with prejudgment interest, fringe benefits and promotional opportunities, reinstatement in her employment position, together with compensatory, and liquidated damages for intentional sex and pregnancy discrimination in an amount to be determined by a jury of their peers;

E.   Order Defendant, the City of Jackson, Mississippi, to pay Plaintiff's attorney fees, costs and expenses of litigation; and

F.   Award such other relief to which Plaintiff may be entitled under law and in equity.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Amanda Williams demands judgment against Defendant, City of Jackson, Mississippi, in an amount exceeding the minimum jurisdictional requirements of this Court, all together with the costs and

disbursement action, including attorneys' fees, plus interest and costs, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 16th day of May, 2016.

AMANDA WILLIAMS, PLAINTIFF

By: _____

E. CARLOS TANNER, III, Esq. (MSB 102713)
TANNER & ASSOCIATES, LLC
P.O. Box 3709
Jackson, Mississippi  39207
(601) 460-1745 Telephone
(662) 796-3509 Facsimile
Carlos.Tanner@thetannerlawfirm.com

ATTORNEY FOR PLAINTIFF

9